IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEWEY KYLE EASTERLING, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:04cv536-WHA |
| | ) | (WO) |
| GWENDOLYN MOSELY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. FACTS AND PROCEDURAL HISTORY**

This cause is before the court on an Objection to Order (Doc. # 26) and an Objection to a Recommendation of the Magistrate Judge (Doc. #29) filed by the Petitioner, Dewey Kyle Easterling ("Easterling").

Easterling entered a guilty plea in state court to several charges on May 22, 2000, and was sentenced to two consecutive life sentences and a concurrent ten-year sentence. He did not appeal his convictions or sentence. Accordingly, his conviction became final on July 3, 2000, which is the date on which his time to seek direct review expired. *See Dierking v. State,* 893 So.2d 1088, 1089 (Ala. Crim. App. 2004); *Alabama Rules of Appellate Procedure* 4(b)(1). The federal statute of limitations of one year for filing a habeas corpus petition by a person in state custody began running on July 3, 2000 when the state conviction became final. 28 U.S.C. § 2244(d)(1).

The United States Code provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). Therefore, the period of time beginning on the date Easterling

filed his first Rule 32 petition in state court, February 23, 2001, is not counted against the running of the one year federal statute of limitations. So, at that time, the one year statute had run from July 3, 2000 to February 23, 2001, a total of 234 days. The Rule 32 proceeding became final on December 12, 2003, when the Alabama Supreme Court entered its certificate of judgment, and the federal statute of limitations again began to run. One hundred thirty-one days remained of the one year limitation for filing. Therefore, to be timely, Easterling's federal petition for habeas corpus must have been filed on or before April 22, 2004. 28 U.S.C. § 2244(d)(1). Easterling's Petition was not filed until May 24, 2004 at the earliest, using the date the prison's account clerk stamped Easterling's *in forma pauperis* form.

On August 17, 2004, Easterling filed a Motion to Dismiss his federal habeas corpus petition without prejudice. The Magistrate Judge entered a Recommendation that this motion be denied. On September 13, 2004, this court entered an Order finding that there were no objections to the Recommendation, and adopting the Recommendation, but inadvertently granting the Motion to Dismiss without prejudice.

On September 7, 2006, Easterling filed a Motion to Amend his Petition to add additional claims which he had brought in state court after this court's dismissal Order and which he contends had been exhausted. On September 11, 2006, it having been brought to this court's attention that the previous motion to dismiss had inadvertently been ordered granted, rather than denied as intended, the court vacated its Order of September 13, 2004, and denied the motion to dismiss. On September 13, 2006, the Magistrate Judge entered an Order denying the Motion to Amend.

On October 2, 2006, the Magistrate Judge filed a Recommendation that the Petition for

habeas corpus relief be denied.  Easterling has objected to the Magistrate Judge's September 13, 2006 Order denying his Motion to Amend, and October 2, 2006 Recommendation that his habeas petition be denied.

## II.  STANDARD OF REVIEW

A district judge to whom a case is assigned shall consider objections to orders of a Magistrate Judge on pretrial matters which are not dispositive of a claim, and shall modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.  *Fed. R. Civ. Pro.* 72(a).

A district court may refer dispositive matters to a United States Magistrate Judge for a recommendation. *Fed. R. Civ. Pro.* 72(b).  The district judge must conduct a *de novo* review of the portions of the Magistrate Judge's recommendation to which a party has objected.  *Id*

## III.  DISCUSSION

Easterling's Objection to Order is in response to the Order entered by the Magistrate Judge on September 13, 2006, which denied his Motion for Leave to Amend the Petition.  This court has reviewed this entire matter *de novo* and has determined, based on the procedural history outlined above, that the Petition filed in this case is untimely.  Therefore, the amendment Easterling sought to make in this case is also time-barred, and the Order denying his request to amend to add new claims is neither clearly erroneous nor contrary to law.  Easterling's Objection to the Order, therefore, is due to be OVERRULED.

Furthermore, this court's inadvertent granting of an earlier motion to dismiss without prejudice, when the intent was to adopt the Recommendation of the Magistrate Judge to deny the motion to dismiss without prejudice, and the later vacating of that order, in no way prejudiced

Easterling, as the Petition was time-barred when filed. Similarly, the alternative relief requested in Easterling's Objection, which is a request to have his entire petition dismissed without prejudice so that he can file new claims, would be unavailing as any new petition also would be time-barred.

Easterlings' Objection to the Recommendation of the Magistrate Judge objects to the Magistrate Judge's Recommendation that the Petition for Habeas Corpus be denied. As stated earlier, the Petition is untimely and, therefore, properly could have been dismissed as such. Rather than recommending dismissal on that basis, however, the Magistrate Judge issued a Recommendation which evaluated the factual and legal bases of Easterling's claims.

A district court judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Although the Magistrate Judge could have recommended dismissal based on the untimeliness of the Petition, she instead reviewed the merits of Easterling's claims, and the court has considered her findings and analysis as is appropriate in this case. *See Day v. McDonough*, __ U.S. __, 126 S.Ct. 1675 (2006). The court has conducted a *de novo* review of the Magistrate Judge's Recommendation as to the merits, including reading the record, examining the exhibits, and fully considering Easterling's objection. After conducting this review, the court finds Easterling's Objection to be without merit and due to be OVERRULED.

### IV. CONCLUSION

Accordingly, it is hereby ORDERED as follows:

1. The Objection to Order (Doc. #26) is OVERRULED.

2. The Magistrate Judge's Recommendation is ADOPTED and the Objection (Doc. #29)

to that Recommendation is OVERRULED.

    3.   The Petition for habeas corpus relief is DENIED.

A separate Judgment will be entered in accordance with this Memorandum Opinion and Order.

Done this 6th day of December, 2006.

                                           /s/ W. Harold Albritton
                                         W. HAROLD ALBRITTON
                                         SENIOR UNITED STATES DISTRICT JUDGE